**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

KEITH PAUL BIRD,

       *Plaintiff - Appellee*,

  v.

JAMES DZURENDA; HAROLD
WICKHAM; BRIAN WILLIAMS
Sr.; JULIE MATOUSCK;
MONIQUE HUBBARD-PICKETT;
JOHNATHON BINDER; THOMAS;
ALEXIS LOZANO; PARYGA;
ATHERTON; WILLIE CLAYTON;
ENNIS; ENNIS-WRIGHT; JULIE
WILLIAMS, (Matousek),

       *Defendants - Appellants*.

No. 23-2664

D.C. No.
2:20-cv-02093-
ART-NJK

OPINION

Appeal from the United States District Court
for the District of Nevada
Anne R. Traum, District Judge, Presiding

Argued and Submitted September 9, 2024
San Francisco, California

Filed March 13, 2025

Before: Ronald M. Gould and Patrick J. Bumatay, Circuit Judges, and J. Michael Seabright, District Judge.[*]

Opinion by Judge Bumatay

---

## SUMMARY[**]

### Prisoner Civil Rights

The panel reversed the district court's denial of qualified immunity to state prison guards in a 42 U.S.C. § 1983 action brought by Nevada state prisoner Keith Bird alleging that they violated his First Amendment right to petition for redress of grievances when they threatened him and confiscated his property after he complained about concerns with his cellmate.

The panel held that Bird's request for a cell transfer based on concerns with his cellmate did not constitute "protected conduct" under clearly established law. Because neither the Supreme Court nor the Ninth Circuit has ever held that retaliation for complaints against other prisoners violates the First Amendment right to petition for redress of grievances, it was not clearly established law. The prison officials were therefore entitled to qualified immunity.

---

[*] The Honorable J. Michael Seabright, United States District Judge for the District of Hawaii, sitting by designation.

[**] This summary constitutes no part of the opinion of the court. It has been prepared by court staff for the convenience of the reader.

## COUNSEL

Lyndsey Franklin (argued) and Rachel G. Miller-Ziegler, Munger Tolles & Olson LLP, Washington, D.C.; Samuel D. K. Weiss, Rights Behind Bars, Washington, D.C.; for Plaintiff-Appellee.

Chris Davis (argued), Senior Deputy Attorney General; Aaron D. Ford, Nevada Attorney General; Office of the Nevada Attorney General, Las Vegas, Nevada; for Defendants-Appellants.

## OPINION

BUMATAY, Circuit Judge:

In this case, we consider whether state prison guards violated a prisoner's First Amendment right to petition for redress of grievances when they allegedly threatened him and confiscated his property after he complained about concerns with his cellmate. We conclude that such a challenge fails to allege a violation of clearly established law and reverse the district court's denial of qualified immunity.

## I.

Keith Paul Bird is a prisoner at the High Desert State Prison in Nevada. According to his complaint, on November 11, 2018, Bird approached Officer Bruce Huinker, the officer in charge of Bird's cell unit, and "requested" that he be moved from his cell "at once" because of "issues with his current cellmate that if left unaddressed would lead to a fight." In response, Officer Huinker called for assistance and Officers Paryga and Atherton responded. Bird

explained the situation to them, and Officer Paryga allegedly replied, "Fight him or fight me." Afterward, the officers instructed Bird to "roll up" his property in his cell in preparation for moving him. As Bird gathered his belongings, Officer Huinker tried to close the cell door and announced over the in-cell speaker that Bird was "staying in that cell." Bird prevented the door from closing by pushing a plastic tub in the door's way and responded, "[N]o sir[,] I am not."

At that time, Officers Paryga and Atherton re-entered Bird's cell unit, ordered Bird to push his property back into his cell, and directed him into a prison classroom. Officers Paryga and Atherton then "thrash[ed] the cell" and confiscated Bird's property, including religious books, legal papers, personal mail, and food. Bird claims that the officers did this "in retaliation for [his] 'making them do their jobs.'" According to Bird, the officers also did not issue him an "unauthorized property form" to appeal the confiscation of his property. Officers later transferred Bird to a new cell that day.

After the incident, Bird filed grievances against Officers Paryga and Atherton. In his informal grievance, Bird alleged that the officers confiscated his property "in retaliation" for "requesting a bed move due to safety concerns." A prison official denied the informal grievance. Bird filed then a first-level grievance, again explaining that he requested a cell transfer because of "rising tensions between [him] and [his] cellmate," which he believed would end in a fight. He claimed that Officer Paryga's response to him was "inflammatory" and violated his First Amendment right and that officers confiscated his property in retaliation for "reporting a safety concern." This time, a prison official denied the grievance as unsubstantiated.

Bird filed a second-level grievance, which was also denied. The official found that officers did not retaliate against Bird because they granted his request for a cell transfer and Officer Paryga's comment was not retaliatory but intended to determine whether Bird was threatening to fight his cellmate or whether his cellmate was threatening him. The official also found that Bird did not provide documentation or proof of ownership sufficient to show that any of his property was confiscated.

Bird then filed a pro se complaint against Officers Paryga and Atherton and other prison administrators in federal court, alleging retaliation and other claims. The district court found that only Bird's retaliation claim survived screening and was properly exhausted. The district court then denied the prison officials' motion for summary judgment on the retaliation claim, holding that they were not entitled to qualified immunity. The defendant prison officials now appeal. We review the denial of qualified immunity on summary judgment de novo. *Cox v. Roskelley*, 359 F.3d 1105, 1109 (9th Cir. 2004).

## II.

Qualified immunity follows a familiar framework. Under the doctrine, government officials are shielded from liability under 42 U.S.C. § 1983 "unless (1) they violated a federal statutory or constitutional right, and (2) the unlawfulness of their conduct was clearly established at the time." *Rico v. Ducart*, 980 F.3d 1292, 1298 (9th Cir. 2020) (simplified). Because both conditions must be met, we may consider the prongs in any order. *See id.* We begin and end with the "clearly established" prong.

To show a violation of "clearly established" law, a defendant must show that a right is "sufficiently clear that

every reasonable official would have understood that what he is doing violates that right." *Mullenix v. Luna*, 577 U.S. 7, 11 (2015) (simplified). While this doesn't require a case that's "on all fours" with the facts at issue, *Rico*, 980 F.3d at 1298, the existing caselaw must "have placed the statutory or constitutional question beyond debate," *Ashcroft v. al-Kidd*, 563 U.S. 731, 741 (2011). In all cases, we ask "whether the violative nature of [the defendants'] *particular* conduct is clearly established . . . in light of the *specific context* of the case." *Rico*, 980 F.3d at 1298 (simplified). And we must remember "not to define clearly established law at a high level of generality." *al-Kidd*, 563 U.S. at 742 (simplified).

"[I]n the prison context," we have said that the "prohibition against retaliatory punishment" may violate "clearly established law" for qualified immunity purposes. *Chavez v. Robinson*, 12 F.4th 978, 1001 (9th Cir. 2021) (simplified). Such a violation implicates a prisoner's First Amendment right to petition prison grievances and to seek redress for "prison injustices." *Id.* (simplified). To establish a retaliation claim under the First Amendment, a prisoner must show "five basic elements: '(1) An assertion that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal.'" *Id.* (simplified).

Bird asserts that Officer Paryga threatened to "fight [him]" and that Officers Paryga and Atherton confiscated his property in retaliation for his requesting a cell transfer to avoid a confrontation with his cellmate. So we must determine whether Bird's request for a cell transfer based on

concerns with his cellmate constitutes "protected conduct" under clearly established law. It does not.

We have long held that the First Amendment requires "avenues for prisoners to redress the wrongs or inadequacies of *their state jailors*." *Bruce v. Ylst*, 351 F.3d 1283, 1290 (9th Cir. 2003) (emphasis added). So if prison guards retaliated against Bird for complaints about the actions of *prison officials*, we would easily be within the realm of "protected conduct." *See, e.g.*, *Rhodes v. Robinson*, 408 F.3d 559, 567–68 (9th Cir. 2005) (recognizing retaliation when prison officials confiscated a prisoner's property, plotted to transfer him, and physically assaulted him because of repeated filings of grievances against them); *Brodheim v. Cry*, 584 F.3d 1262, 1269–70 (9th Cir. 2009) (recognizing retaliation when a prison official warned a prisoner to be "careful" what he writes and requests in his administrative grievances about prison officials); *Watison v. Carter*, 668 F.3d 1108, 1114–16 (9th Cir. 2012) (recognizing retaliation when three correctional officers placed prisoner in administrative segregation, orally threatened him, and refused to provide him breakfast because of grievances filed against them); *Shepard v. Quillen*, 840 F.3d 686, 693 (9th Cir. 2016) (recognizing retaliation when prison officials placed prisoner in administrative segregation because of complaints made against a prison guard); *Entler v. Gregoire*, 872 F.3d 1031, 1041 (9th Cir. 2017) (recognizing retaliation when prison officials formally disciplined prisoner for threatening to sue the prison and its officials and for complaining to the governor about prison conditions).

But Bird asserts that the officers retaliated against him because he complained about *another prisoner*. This is a "significant distinction[]" from our prior caselaw. *See Chavez*, 12 F.4th at 1001. Indeed, Bird cites no case

recognizing retaliation based on a prisoner's complaints about another prisoner. And context matters. Prison officials may need more flexibility and control in dealing with squabbles between prisoners. If retaliation claims can arise any time an inmate raises concerns about another inmate, that would cede considerable control to inmates. Thus, grievances *against other prisoners* implicate different penological interests than grievances *against prison officials*. As the Supreme Court has said, "a prison inmate retains those First Amendment rights that are not inconsistent with his status as a prisoner or with the legitimate penological objectives of the corrections system." *Pell v. Procunier*, 417 U.S. 817, 822 (1974). And any "[c]hallenges to restrictions of first amendment rights must be analyzed in terms of the legitimate policies and goals of the correctional institution in the preservation of internal order and discipline, maintenance of institutional security, and rehabilitation of prisoners." *Rizzo v. Dawson*, 778 F.2d 527, 532 (9th Cir. 1985) (simplified).

Thus, because neither the Supreme Court nor the Ninth Circuit has ever held that retaliation for complaints against other prisoners violates the First Amendment right to petition for redress of grievances, it is not clearly established law. Officers Paryga and Atherton are thus entitled to qualified immunity. And because Bird's retaliation claim against the other prison officials turns on the alleged retaliation by Officers Paryga and Atherton, those officials are also entitled to qualified immunity.

## III.

We reverse the district court's denial of qualified immunity and remand with instructions to grant summary judgment on Bird's retaliation claim.

**REVERSED AND REMANDED.**